UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HAROLD C. MIDDLEBROOKS,

                     Petitioner,                     Case No. 1:07-cv-26

v.                                                   Honorable Robert Holmes Bell

MARY BERGHUIS,

                     Respondent.
_____/

### OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Along with his habeas application, Petitioner filed a request for a stay and abeyance (docket #3) to enable him to pursue an unexhausted claim in the state courts. Because petitioner's unexhausted habeas claim is plainly meritless, the motion to stay and abate will be denied.

### Discussion

I.        Factual allegations

Petitioner is presently incarcerated at the E.C. Brooks Correctional Facility serving a twenty-five to fifty-year prison term for his 2000 conviction on one count of second-degree murder, MICH. COMP. LAWS § 750.317, in the Wayne County Circuit Court. He appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court, which affirmed on December 3, 2002 and May 30, 2003, respectively. Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court pursuant to Michigan Court Rule 6.502 on March 15, 2004; that court denied relief on June 1, 2004. (Pet. Ex. A). The Michigan Court of Appeals and Michigan Supreme Court

denied relief under MICH. CT. R. 6.508(D) on January 23, 2006 and August 29, 2006, respectively. Petitioner did not seek certiorari in the United States Supreme Court.

In his *pro se* application for habeas relief, Petitioner asserts that his appellate counsel failed to raise obvious constitutional flaws with Petitioner's trial, thereby depriving Petitioner of his Sixth and Fourteenth Amendment rights.   (Mem. In Support of Pet. at 3, docket #2). Contemporaneously with his habeas application, Petitioner filed a motion to stay this case so that he may pursue an unexhausted claim in the Michigan courts, *i.e.* the state juvenile waiver statute violates the separation of powers doctrine in the Michigan Constitution because it improperly delegates to prosecutors the authority to determine whether a juvenile may be tried as an adult.  (*See* Mot. ¶ 4).[1]  Petitioner did not list this juvenile waiver statute claim in the grounds of his habeas petition.  (*See* Mem. In Support of Pet. at 3, docket #2).

## II.  Stay pending pursuit of unexhausted claim

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513

_____

[1]    The murder for which Petitioner was convicted occurred on May 17, 1997, when Petitioner was sixteen years old; Petitioner was apparently tried for the crime as an adult. *See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=315359.

U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner admits that the challenge to the Michigan juvenile waiver statute was never presented to the state courts.

### A.    **Limitations period**

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Supreme Court denied his application on May 30, 2003. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the U.S. Supreme Court is counted under § 2244(d)(1)(A). *See Lawrence v. Florida*, No. 05-8820, 2007 WL 505972 (U.S. Feb. 20, 2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired, and the limitations period therefore began to run, on Thursday, August 28, 2003. After 200 days had elapsed, Petitioner filed his March 15, 2004 motion for relief from judgment in the Wayne County Circuit Court. He appealed the denial of that motion to the Michigan Court of Appeals and

Michigan Supreme Court, which denied leave on January 23, 2006 and August 29, 2006, respectively.  Not counting the ninety-day period during which Petitioner could have sought review in the United States Supreme Court this time, *see Lawrence*, 2007 WL 505972, the limitations period began to run again on August 29, 2006.  With 165 days remaining in the limitations period, the one-year period expired on Monday, February 12, 2007.  *See* FED. R. CIV. P. 6(a).[2]  As a result, there is no time remaining in the limitations period during which Petitioner may pursue his unexhausted juvenile waiver statute claim and subsequently re-file his habeas application.

B.     **Stay-and-abeyance procedure**

Because Petitioner seeks to present both exhausted and unexhausted claims, his is a mixed petition.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).  In *Rose*, the U.S. Supreme Court directed district courts to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  455 U.S. at 522.  In light of the one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations  period is not tolled during the pendency of a federal habeas petition.  As a result, the Sixth Circuit has adopted a stay-and-abeyance procedure to be applied to mixed petitions.  In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

---

[2]Petitioner timely filed his habeas application in January 2007.

- 4 -

The Supreme Court recently held that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 276-78 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Petitioner claims "good cause" exists for his failure to exhaust his juvenile waiver statute claim, because in 1999, the trial judge told Petitioner that the Michigan Court of Appeals was addressing the issue, when in fact it was not. (*See* Mot. for Stay ¶¶ 1, 4, docket #3). The court will accept this allegation as good cause for purposes of analysis. The Court concludes, however, that Petitioner's unexhausted claim is plainly meritless.

Petitioner challenges the constitutionality of the Michigan 1996 Juvenile Justice Reform Act, MICH. COMP. LAWS § 769.1, under which Petitioner was charged as an adult. Petitioner's only challenge to the statute arises under the Michigan Constitution. Petitioner asserts that the statute, which gives to prosecutors the authority to charge juveniles as adults without the necessity of juvenile court waiver proceedings in the case of certain serious felonies, violates the principle of separation of powers as established in the Michigan Constitution. To state a claim for habeas corpus relief, a petitioner must allege that his conviction was "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). By definition, federal habeas relief is only available for

- 5 -

violation of federal rights; a habeas court cannot release a state prisoner on the ground that the conviction of sentence violates the state law or constitution. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Furthermore, the federal right must have been clearly articulated by holdings of the United States Supreme Court, not the lower courts. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In the present case, Petitioner's challenge to the constitutionality of the Juvenile Justice Reform Act is expressly based upon the state constitution, a ground not cognizable by a federal habeas court. Furthermore, even if Petitioner had articulated some federal challenge to the statute, it is clear that the United States Supreme Court has never held that any federal constitutional guarantee requires that a court, rather than a prosecutor, must make the charging decision. The Ninth Circuit has expressly rejected a habeas corpus challenge to a state law similar to Michigan's Juvenile Justice Reform Act on the ground that the Supreme Court has never articulated a federal due-process concept condemning such legislation. *See Alvarado v. Hill*, 252 F.3d 1066 (9th Cir. 2001). Moreover, the federal courts of appeals are unanimous that no federal due-process concept prevents a state legislature from granting prosecutors the authority to choose, without a judicial hearing, whether to proceed against minors as juveniles or as adults. *See, e.g., Lane v. Jones*, 626 F.2d 1296 (5th Cir. 1980); *Stokes v. Fair*, 581 F.2d 287, 289 (1st Cir. 1978) (hearing is required only where legislature assigns discretion to the courts; ordinarily is a matter of prosecutorial charging discretion) (citing *United States v. Quinones*, 516 F.2d 1309 (1st Cir. 1975)); *Woodard v. Wainwright*, 556 F.2d 781 (5th Cir. 1977) (no constitutional bar to Florida law permitting prosecutors to seek criminal indictments against juveniles); *Russell v. Parratt*, 543 F.2d 1214 (8th Cir. 1976) (prosecutorial discretion to charge as juvenile or adult does not violate due process); *Cox v. United States*, 473 F.2d 334 (4th Cir. 1973) (*en banc*) (same); *United*

*States v. Bland*, 472 F.2d 1329 (D.C. Cir. 1972) (same); *accord United States v. Hoo*, 825 F.2d 667 (2d Cir. 1987) (upholding constitutionality of the federal Juvenile Delinquency Act, 18 U.S.C. § 5032, finding that the Due Process Clause does not require pre-indictment judicial inquiry concerning a prosecutor's decision to charge juvenile as an adult).

### Conclusion

For the foregoing reasons, the Court concludes that Petitioner's challenge to the juvenile waiver statute, while unexhausted, is patently meritless.  It would therefore be an abuse of this court's discretion to stay this matter for the purpose of allowing Petitioner to exhaust this issue in the state courts.

An Order consistent with this Opinion will be entered.  The Court will further order Respondent to file an answer or other pleading in response to the exhausted issue set forth in the habeas petition.


Date:___February 28, 2007_____          /s/ Robert Holmes Bell_____
                                        ROBERT HOLMES BELL
                                        CHIEF UNITED STATES DISTRICT JUDGE