UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD C. MIDDLEBROOKS,

       Petitioner,

                                    Case No. 1:07-CV-26

v.

                                    HON. ROBERT HOLMES BELL

MARY BERGHUIS,

       Respondent.
                                /

# ORDER DENYING PETITION
# FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Harold C. Middlebrooks's objections to the Magistrate Judge's April 14, 2009, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for a writ of habeas corpus be denied. The R&R was duly served on the parties. Pursuant to Petitioner's request, the time for filing objections was extended to May 28, 2009. (Dkt. No. 55, Order.) Petitioner filed objections to the R&R on May 29, 2009. (Dkt. No. 56.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the

district court to discern those issues that are dispositive and contentious."). Although the Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner has raised numerous objections to the R&R. With respect to his Fourth Amendment claim, Petitioner contends, among other things, that the Magistrate Judge misinterpreted the law as it applies to search and seizure, that he erroneously applied the *Stone v. Powell* doctrine, that there was insufficient evidence to establish probable cause that he committed the crime, and that there was insufficient evidence to conclude that there was consent to enter the house. With respect to his ineffective assistance of counsel claim, Petitioner contends, among other things, that appellate counsel was ineffective for failing to challenge the trial court's refusal to suppress Petitioner's statements, for failing to raise trial counsel's ineffectiveness on direct appeal, and for failing to challenge the trial court's determination that the police entered Petitioner's home with consent.

The R&R systematically and thoroughly addresses all of Petitioner's claims and correctly applies the pertinent law . Petitioner has not identified any error in the Magistrate Judge's analysis. The Court will accordingly adopt the R&R.

An appeal may not be taken from a final order in a habeas case unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If an appeal is filed, the district judge who ruled on the habeas

petition must either issue a certificate of appealability or state why a certificate should not issue. Fed. R. App. P. 22(b). The district court may decide whether to issue a certificate of appealabililty at the time of denial of habeas relief, and need not await an appeal or an application for a certificate. *Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002). Because Movant has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will be denied. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 56) are **DENIED**.

**IT IS FURTHER ORDERED** that the April 14, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 52 ) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

Dated: January 16, 2010                    /s/ Robert Holmes Bell
                                                         ROBERT HOLMES BELL
                                                         UNITED STATES DISTRICT JUDGE